**Beatrice BAUM, Plaintiff–Appellant,**

v.

**ROCKLAND COUNTY, Thomas Voss, in his official and individual capacities, John Does, in his official and individual capacities and Jane Does, in her official and individual capacities, Defendants–Appellees.**

Nos. 04–5678–CV, 05–0543–CV.

United States Court of Appeals, Second Circuit.

Dec. 23, 2005.

---

Scott A. Korenbaum, New York, N.Y., for Appellant.

Charlotte G. Swift, Jason & Nesson, LLP, Chestnut Ridge, N.Y., for Appellees.

PRESENT: Hon. JAMES L. OAKES, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Appellant Beatrice Baum brought suit in the Southern District of New York (McMahon, *J.*) against her former employer, Rockland Community College, its President, Thomas Voss, and Rockland County (collectively, "Rockland"). Of the many

causes of action brought by Baum, the only ones relevant to this appeal are (1) retaliation, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213, for filing a charge with the Equal Employment Opportunity Commission ("EEOC"), (2) retaliation, in violation of the First Amendment, for engaging in protected speech on July 22, 2002, and (3) an equal protection "class of one" violation. These claims center around Rockland's insistence that Baum submit to a medical examination, pursuant to New York Civil Service Law § 72, to assess fitness for duty ("the § 72 exam"). The parties cross-moved for summary judgment. The district court granted summary judgment in Rockland's favor on all these claims.[1] The court also denied Baum's motion to amend her complaint to add a due process claim. Baum appeals.

We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

To establish a prima facie case of retaliation under the ADEA or the ADA, a plaintiff must show (1) that she engaged in protected activity, (2) that the employer was aware of the activity, (3) that she was subject to an adverse employment action, and (4) that a causal connection existed between the protected activity and the adverse action. *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir.1999). It is not disputed that the first two of these conditions are satisfied. And with respect to the causal connection, the record contains ample evidence on the basis of which a reasonable jury could conclude that Rockland forced Baum to submit to the § 72 exam in retaliation for her bringing an EEOC charge.

■ But Baum's retaliation claim fails, because the § 72 exam did not constitute an adverse employment action for purposes of the ADEA and ADA. In the context of ADEA and ADA retaliation claims, we have described an adverse employment action as "a materially adverse change in the terms and conditions of employment." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir.2000) (quoting *Richardson v. N.Y. State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999)) (internal quotation mark omitted). On the facts of this case, the district court was correct to hold, as a matter of law, that the § 72 exam did not constitute an adverse employment action, as we have defined that phrase in the context of ADEA and ADA retaliation.[2]

■ To survive summary judgment on a First Amendment retaliation claim, a plaintiff must be able to show (1) that her speech addressed a matter of public concern, (2) that she suffered an adverse employment action, and (3) that a causal connection existed between the speech and the adverse employment action, in that the speech was a motivating factor for the action. *Mandell v. County of Suffolk*, 316 F.3d 368, 382 (2d Cir.2003). In the First Amendment context—unlike the ADEA and ADA retaliation context—"retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights" can qualify as adverse employment action.

1. The district court ruled in favor of Baum on related breach of contract claims that she brought against Rockland. Rockland has not appealed.

2. In affirming the district court, we need not consider whether there might be other circumstances in other cases in which a § 72 exam could constitute an adverse employment action for purposes of ADEA and ADA retaliation.

*Washington v. County of Rockland,* 373 F.3d 310, 320 (2d Cir.2004). But assuming *arguendo* (a) that the § 72 exam constitutes an adverse employment action for First Amendment purposes, and (b) that the speech at issue—Baum's July 22, 2002 remarks in President Voss's office—addressed a matter of public concern, Baum's First Amendment retaliation claim must, nevertheless, fail. This is because she presents no evidence whatsoever to support her allegation that the exam was imposed to retaliate for this isolated incident of expression.

■ Baum's equal protection "class of one" claim also fails. For such a claim to meet with success, "the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high": in fact, the plaintiff and her comparators must be "prima facie identical." *Neilson v. D'Angelis,* 409 F.3d 100, 104, 105 (2d Cir.2005). Because Baum has not identified any similarly situated persons, her claim cannot proceed. We also find that the district court did not abuse its discretion in denying Baum leave to add, out of time, a due process claim to her complaint. Parties must show good cause to amend a pleading after the court's deadline has passed, *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir.2000), and Baum has given no good reason why this additional claim could not have been brought earlier.

We have considered all of Baum's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

Each party will bear its own costs.